[No. 39003.    Department One.    November 16, 1967.]

NORMAN E. BERG, *Appellant*, v. M. PATRICIA BERG, *Respondent and Cross-appellant.**

*Jonson & Jonson*, by *Bernice Jonson*, for appellant.

*Patrick H. Shea*, for respondent and cross-appellant.

LANGENBACH, J.†—The mills of the gods grind slowly and patience oft ceases to portray a virtue. Twenty years of endurance failed to harmonize marital discords and plaintiff sought relief in a divorce.

After 11 years of strenuous struggle, intensified by wifely obstacles, the plaintiff-appellant became a licensed dentist in the Ballard area of Seattle. In a short span of years his practice had produced an office and equipment worth $20,000, with an annual income of approximately $18,000. In addition they had accumulated two automobiles and a $12,000 equity in a $35,000 home with suitable furniture.

Continuous criticism and indifference on the part of respondent led to the final dissolution of the marital community. The trial lasted more than 3 days in which the

*Reported in 434 P.2d 1.

†Judge Langenbach is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

participants recited the shortcomings and faults arising and recalled from a marriage of 2 decades. Patiently the court listened and silently appraised the actors.

At the conclusion the dentist was awarded a divorce. He had agreed to permit their teenage daughter to remain with the respondent and he would contribute a monthly support of $150.

The court granted him his office and equipment and a share of the accounts receivable, one automobile and his life insurance policies. Against this was placed an obligation of $6,000 to be paid respondent on a monthly installment basis.

The wife was allowed the equity in the home and its possession and the furniture; a share in the accounts receivable; the other automobile; some minor incidentals and insurance policies and a judgment against appellant for the $6,000. She was also allowed alimony of $375 a month from December 1, 1965, until June 30, 1966; thereafter at the rate of $200 per month until July 1, 1971, or until she remarried.

Plaintiff has appealed citing errors in parts of four findings of fact. Candidly he stated in his brief: "All of the assignments of error are directed to the excessive award of alimony." He seemed to rely on the rule laid down in *Hogberg v. Hogberg,* 64 Wn.2d 617, 619, 393 P.2d 291 (1964):

> The rules regarding alimony were recently reasserted in *Morgan v. Morgan,* 59 Wn.(2d) 639, 369 P. (2d) 516 (1962):
>
> "Alimony is not a matter of right. When the wife has the ability to earn a living, it is not the policy of the law of this state to give her a perpetual lien on her divorced husband's future income. *Warning v. Warning,* 40 Wn. (2d) 903, 247 P. (2d) 249 (1952); *Lockhart v. Lockhart,* 145 Wash. 210, 259 Pac. 385 (1927).
>
> "The criterion adopted by this court for the allowance of alimony includes two factors: (1) the necessities of the wife, and (2) the financial ability of the husband. *Murray v. Murray,* 26 Wn.(2d) 370, 174 P.(2d) 296 (1946); *Duncan v. Duncan,* 25 Wn.(2d) 843, 172 P.(2d) 210 (1946)."

534

The testimony showed that the wife was past 50 years of age; that in an ulcer operation she had had two-thirds of her stomach removed. While she had worked prior to the birth of their only child and at times during appellant's endeavors to procure a dental education, there was no proof that she had any particular educational qualifications. She had to maintain a home for their daughter now 17 years of age and in school.

■ The respondent has cross-appealed. She has attacked one finding which appellant also challenged and another finding which allowed appellant a divorce. The trial court had listened patiently to the family's peccadilloes and faults over the 20-year period of their matrimonial maneuverings. It was patently very capable of appraising and adjudging the shortcomings of the parties and the practical causes of disagreements. Under such particular and peculiar circumstances the court was fully justified in awarding appellant a divorce in which result we concur. The findings are amply supported by the facts and they will not be disturbed.

Respondent also attacked the valuations placed upon the dental practice and the home. These, too, were within the bounds of the evidence and will not be disturbed.

Her final contention was that the awards of alimony were not sufficient. There was evidence that respondent was able to do some types of office work and was recently employed at $280 per month.

■ Respondent has produced no proof to show that the allowance for her support was not sufficient. These appear to be somewhat generous and liberal under the financial circumstance of this marriage. It is not the purpose of the law to place a permanent responsibility upon a divorced spouse to support a former wife indefinitely. She is likewise under an obligation to prepare herself so that she might become self-supporting. The allowance of alimony is to provide such an interval for her reasonable preparation. It cannot be said that this interval here is too short, but it may be persuasively argued that it is too long. The trial

court saw and observed the parties, their conditions and status of health. In the light of its assessment of alimony, its determination will be respected.

The judgment is affirmed in every respect. Inasmuch as both parties failed to achieve any relief, no costs will be allowed.

FINLEY, C. J., WEAVER, HALE, and NEILL, JJ., concur.