[No. 2587-3.   Division Three.   January 2, 1979.]

*In the Matter of the Marriage of* BOBBY R. MARTIN,
*Petitioner, and* WILLARD D. MARTIN,
*Respondent.*

*Vovos & Voermans* and *Mark E. Vovos,* for petitioner.

*Schimanski & Leeds* and *Robert G. Schimanski,* for respondent.

GREEN, J.—Both parties appeal from the trial court's division of property contained in a decree of dissolution.

The wife, Bobby Martin, contends the court erred in entering findings of fact and conclusions of law without (1) determining the value of the property divided, and (2) characterizing the property as community or separate. She also claims error in the admission of two exhibits. The husband, Willard Martin, assigns error to the court's failure to divide the property equally between the parties.

RCW 26.09.080 requires the trial court to "make such disposition of the property and liabilities of the parties . . . as shall appear just and equitable" after considering, *inter alia,* the nature and extent of the community and separate property, the duration of the marriage, and the economic circumstances of each spouse at the time the division is to become effective.

Here, except for bank balances, the evidence is conflicting as to the value of the property. Neither the findings nor conclusions attach a value to the various items of property awarded to the parties; nor does the court's oral decision contain any valuations. On this record, we are unable to review the fairness of the property division. *Wold v.*

*Wold,* 7 Wn. App. 872, 875–76, 503 P.2d 118 (1972). Neither can we rely upon *In re Marriage of Hadley,* 88 Wn.2d 649, 565 P.2d 790 (1977), which held the appellate court could look to the record to ascertain property values not contained in the findings, because the values in the instant case are in dispute.

■ Additionally, neither the findings nor conclusions characterize the property as community or separate, although the report of proceedings indicates that this was a contested issue as to a major portion of the property. The only allusion to the character of the property is contained in the court's oral opinion which states:

> Mrs. Martin is going to come out somewhat better in this because I feel she is entitled to something for her separate property that she put into this.

This general comment is not directly connected to any item of property. While the proper characterization of property is not necessarily controlling, the trial court must bear in mind the community or separate character of the property being divided in making its decision. RCW 26.09.080; *Beam v. Beam,* 18 Wn. App. 444, 454, 569 P.2d 719 (1977).

Consequently, we hold the court erred in failing to determine the value of the various items of property being divided and to adequately consider the character of that property.

Mrs. Martin also assigns error to the admission over objection of exhibits 8 and 9, two written appraisals of a certain business property. Neither appraiser testified. A specific objection was made to exhibit 8 on the ground that the appraiser was never inside the property and counsel desired to cross–examine him as a witness. The colloquy surrounding the admission of exhibit 9 is less clear, but it appears counsel's objection to exhibit 8 was also intended for exhibit 9. Absent a clear stipulation for admission of the appraisals in lieu of testimony, the admission of these two exhibits should have been refused on the bases of hearsay and that counsel had the right to interrogate the appraiser. It was error to admit them.

Finally, in his cross appeal, Mr. Martin asserts that the trial court should have divided the property equally. RCW 26.09.080 does not mandate an equal division of property. Rather, it requires a "just and equitable" division. It is impossible to tell from the record whether an equal division of the property would be "just and equitable" because the trial court did not resolve the parties' dispute as to its value and status.

Reversed and remanded for taking such evidence as may be necessary to determine the character and value of the property, and for entry of findings of fact, conclusions of law, and decree containing an equitable division thereof.

McINTURFF and ROE, JJ., concur.