# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of:<br><br>ETHELDA BURKE,<br><br>                      Respondent,<br><br>   And<br><br>GERALD BURKE,<br><br>                     Appellant. | No. 58572-3-II<br><br><br>UNPUBLISHED OPINION |

CRUSER, C.J. — Gerald and Ethelda Burke were married for 56 years. In 2022, Ethelda petitioned for divorce. The sole issue before the trial court was property distribution. The parties each asked the court to divide their property evenly between them. The trial court, following this request, awarded Ethelda the majority of the parties' community property, including the family home, and ordered Ethelda to pay Gerald an equalization payment.

Gerald appeals the final divorce order. He argues (1) the trial court abused its discretion because the distribution of property was not fair and equitable, (2) the trial court erred by not awarding Gerald spousal support, (3) the trial court made a number of procedural and evidentiary errors that violated his right to a fair trial, and (4) the trial court erred in awarding attorney fees based on Gerald's intransigence because Gerald was not intransigent and the court did not limit the award to the amount needed to compensate Ethelda for proven intransigence. We affirm in

part, but remand for the trial court to segregate the fees incurred because of Gerald's intransigence and determine an appropriate fee award.

## FACTS

### I. BACKGROUND

Gerald and Ethelda Burke[1] were married in May 1966. Gerald and Ethelda separated after 56 years of marriage. Gerald retired from his position as an attorney approximately 20 years ago. Ethelda retired from her position as a school district superintendent around 2017.

At the time of separation, Gerald and Ethelda possessed the following community property: boat sale proceeds, proceeds from a Skyline investment, interest from the Skyline investment, a TIAA retirement account, a UBS investment account, Ethelda's deferred compensation account, Ethelda's public employee pension, Ethelda's vehicle, Gerald's vehicle, GESA Credit Union savings certificates, silver coins, and the family home. Gerald and Ethelda also had debts in the form of a reverse mortgage on the family home and their 2021 IRS tax debt.

### II. TRIAL

Gerald and Ethelda each asked the trial court to divide their community property evenly between them. Ethelda asked to stay in the family home, Gerald asked that the home be sold. Ethelda also requested an attorney fee award based on Gerald's intransigence prior to trial.

During trial, Gerald challenged Ethelda's evidence and her credibility. First, Gerald moved to strike Ethelda's trial brief and proposed exhibits because they were not submitted until the day

---

[1] For clarity, we refer to the parties by their first names because they share a surname.

prior to trial. Gerald argued that this action amounted to "trial by ambush." The trial court denied this motion, and invited Gerald to review the proposed exhibits during trial.

Next, Gerald cross-examined Ethelda concerning an instance when Ethelda allegedly falsely accused Gerald of having an affair. Ethelda objected, arguing that the question was not relevant. Gerald countered that the question was relevant to Ethelda's credibility. The trial court sustained the objection because the question was not within the scope of direct examination. Finally, Gerald sought to admit an appraisal of the family home into evidence. Ethelda objected, arguing that the appraisal was hearsay and irrelevant because it was illegible and incomplete. The trial court sustained Ethelda's objection, ruling that the proposed exhibit was not a true and accurate copy of the document Gerald received because it was missing pages and illegible in sections. The trial court valued the family home at $1.2 million based on Ethelda's testimony and the tax statement on the family home.

### III. PROPERTY DISTRIBUTION

The trial court, following the parties' requests, divided the community property evenly between Gerald and Ethelda. The trial court awarded Ethelda the family home and the reverse mortgage on the family home, the Skyline loan proceeds, the TIAA retirement account, the UBS Investment account (except a portion already withdrawn by Gerald), Ethelda's deferred compensation account, Ethelda's vehicle, half of her pension, and the GESA Credit Union savings certificates. The trial court awarded Gerald the remaining boat sale proceeds, Gerald's vehicle, half of Ethelda's pension, the silver coins, the amount Gerald had withdrawn from the UBS investment account, and an equalization payment from Ethelda in the amount of $408,169.20. The

equalization payment equaled half of the difference between the value of the property awarded to Ethelda and that awarded to Gerald.

### IV. SPOUSAL SUPPORT

Neither party requested spousal support, and spousal support was not ordered.

### V. ATTORNEY FEE AWARD

Ethelda requested attorney fees based on Gerald's intransigence. The trial court admitted into evidence several pretrial orders. First, the trial court admitted the court's order denying Gerald's motion for summary judgment and interlocutory relief and motion to shorten time, which awarded Ethelda $600 in attorney fees. Ethelda testified that as of the date of trial, she had not received the attorney fee award. The trial court also admitted its order granting Ethelda's motion to strike Gerald's motion for interlocutory relief, order denying Gerald's motions, and temporary family law order. Each of these orders reserved the issue of attorney fees for trial. The trial court also admitted its order on motion to compel discovery and for attorney fees, order on motion to compel, and order on review hearing, which required Gerald to pay a $50 per day sanction starting on May 5, 2023, until the discovery deficiencies were fully cured. Ethelda testified at trial that the missing discovery was never provided.

Gerald testified that he filed the summary judgment motion because when he practiced law 20 years ago, it was permissible to file a summary judgment motion in a dissolution case. Gerald further argued that he did not comply with the order to compel discovery because the documents requested were in the family home, which he was not permitted to enter. The trial court awarded

Ethelda $25,000 in attorney fees based on Gerald's intransigence and $2,950 in sanctions for failing to provide discovery. The attorney fee award was subtracted from the equalization payment.

## ANALYSIS

### I. STANDARD OF REVIEW

At issue before us are several aspects of a trial court's decision in a marriage dissolution action. With regard to review of dissolution proceedings, the supreme court has observed that "[t]he emotional and financial interests affected by such decisions are best served by finality." *In re Marriage of Landry*, 103 Wn.2d 807, 809, 699 P.2d 214 (1985). Accordingly, "[t]he spouse who challenges such decisions bears the heavy burden of showing a manifest abuse of discretion on the part of the trial court." *Id*.

The trial court has abused its discretion where its decision is manifestly unreasonable or is based on untenable grounds or reasons. *In re Marriage of Muhammad*, 153 Wn.2d 795, 803, 108 P.3d 779 (2005).

"A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard." *In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997).

Where, as here, the trial court has weighed the evidence, our role on review is to determine whether substantial evidence supports the findings of fact, and in turn, whether the findings support the trial court's conclusions of law. *In re Marriage of Rockwell*, 141 Wn. App. 235, 242, 170 P.3d

572 (2007). " 'Substantial evidence exists if the record contains evidence of sufficient quantity to persuade a fair-minded, rational person of the truth of the declared premise.' " *Id.* (*quoting In re Marriage of Griswold*, 112 Wn. App. 333, 339, 48 P.3d 1018 (2002)). We do " 'not substitute [our] judgment for the trial court's, weigh the evidence, or adjudge witness credibility.' " *Id.* (alteration in original) (*quoting In re Marriage of Greene*, 97 Wn. App. 708, 714, 986 P.2d 144 (1999)). If a trial court's decision is based on unsupported findings, or if the findings do not satisfy the applicable legal standard, the trial court's decision amounts to an abuse of discretion, warranting reversal. *Muhammad*, 153 Wn.2d at 803; *Littlefield*, 133 Wn.2d at 47.

## II. PROPERTY DISTRIBUTION

Gerald argues that the trial court's distribution of the parties' community property was not just and equitable because it did not equalize the parties' finances throughout the rest of their lives. We disagree.

A.      Legal Principles

In a marriage dissolution proceeding, a trial court is tasked with disposing the parties' property and liabilities, " 'either community or separate, as shall appear just and equitable after considering all relevant factors.' " *Muhammad*, 153 Wn.2d at 803 (quoting RCW 26.09.080). The trial court must consider a list of nonexclusive factors set forth in RCW 26.09.080, including "(1) [t]he nature and extent of the community property; (2) [t]he nature and extent of the separate property; (3) [t]he duration of the marriage . . . ; and (4) [t]he economic circumstances of each spouse . . . at the time the division of property is to become effective." RCW 26.09.080; *In re Marriage of Zahm*, 138 Wn.2d 213, 219, 978 P.2d 498 (1999).

Trial courts are vested with "broad discretion" to determine a just and equitable allocation of property based on the particular circumstances in a case. *Rockwell*, 141 Wn. App. at 242. Mathematical precision is not required in a just and equitable distribution; instead, a trial court must ensure " 'fairness, based upon a consideration of all the circumstances of the marriage, both past and present, and an evaluation of the future needs of parties.' " *Zahm*, 138 Wn.2d at 219 (*quoting In re Marriage of Crosetto*, 82 Wn. App. 545, 556, 918 P.2d 954 (1996)).

B.     Application

Here, both parties agreed that it would be equitable to divide the property evenly between them. The court, following the parties' requests, divided the property between the parties then ordered Ethelda to pay an equalization payment representing half the difference between the value of the property awarded to Ethelda and the value of the property awarded to Gerald. With this adjustment, the parties received equal assets.

It appears that Gerald's argument that the property division is disproportionate is based, at least in part, on Gerald's contention that the trial court undervalued the family home. Valuation of a home in a divorce proceeding is a factual finding we review for substantial evidence. *See Worthington v. Worthington*, 73 Wn.2d 759, 440 P.2d 478 (1968). We hold that the trial court's valuation of the family home is supported by substantial evidence. The trial court admitted the 2023 tax statement on the home, which assessed the taxes based on the value of the house being $1.2 million. This evidence is sufficient to persuade a fair-minded person that the value of the property was $1.2 million. Therefore, Gerald has not demonstrated manifest abuse of discretion by the trial court.

### III. EVIDENTIARY RULINGS

Gerald argues that the trial court made a number of procedural and evidentiary errors[2] that collectively violated his right to a fair trial.[3] We conclude that none of the rulings Gerald identifies were error.

A.    Trial Brief and Proposed Exhibits

Gerald argues that the trial court erred by denying his motion to strike Ethelda's trial brief and that his right to a fair trial was violated when he received Ethelda's trial brief and her proposed exhibits the day prior to trial. Gerald cites no authority for the proposition that filing a trial brief and proposed exhibits shortly before the start of trial, alone, violates any court rule or the opposing party's right to a fair trial. "Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none." *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962). Therefore, we reject Gerald's argument.

---

[2] Gerald raises numerous additional arguments in his briefing. RAP 10.3(a)(6) directs each party to supply in its brief, "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." Furthermore, "[p]assing treatment of an issue or lack of reasoned argument" does not merit our consideration. *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998). These additional arguments were given only passing treatment in Gerald's briefing. Therefore, we decline to address them.

[3] To the extent that Gerald's argument invokes the cumulative error doctrine, Gerald cites no authority in support of the proposition that the cumulative error doctrine applies to a civil case. Accordingly, we decline to address this argument. *DeHeer*, 60 Wn.2d at 126 ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.").

B.      Failure to Admit Appraisals

Gerald argues that the trial court erred when it declined to admit appraisals of the family home. We disagree.

We review a trial court's decision to admit evidence for abuse of discretion, which occurs when the decision is based upon untenable grounds or was made for untenable reasons. *Salas v. Hi-Tech Erectors,* 168 Wn.2d 664, 668-69, 230 P.3d 583 (2010). We hold that the trial court did not abuse its discretion when it declined to admit appraisals that were illegible in part and missing pages because their authenticity could not be established. Moreover, Gerald did not intend to call the appraisers as witnesses. Unless the parties stipulate to the admission of an appraisal in lieu of testimony, the appraisal is hearsay. *In re Marriage of Martin*, 22 Wn. App. 295, 297, 588 P.2d 1235 (1979). Because there was no such stipulation, the appraisals were inadmissible hearsay.[4]

C.      Limitation on Cross-Examination

Gerald argues that the trial court abused its discretion by sustaining a relevance objection to Gerald's questions about what he describes as "false statements" contained in several declarations submitted by Ethelda "relating to community properties and other matters." Br. of Appellant at 68. Gerald does not alert us to the exact statements about which he wished to question Ethelda. His reference to Washington being a "no fault" state suggests that he is referring to Ethelda's alleged prior statements about whether Gerald had been unfaithful during the marriage, which is a matter he raised in the trial court. *Id*. However, Gerald's failure to specifically identify

---

[4] Although the trial court did not address hearsay directly in its oral ruling, we may affirm the trial court on any grounds supported by the record. *In re Marriage of Rideout*, 150 Wn.2d 337, 358, 77 P.3d 1174 (2003).

the information he sought to admit renders us unable to find an abuse of the trial court's discretion. Gerald is correct that specific instances of a witness's prior conduct may, in the discretion of the trial court, be inquired into on cross-examination if probative of truthfulness. *State v. O'Connor*, 155 Wn.2d 335, 349, 119 P.3d 806 (2005). But even if Ethelda had, in the past, made statements about Gerald being unfaithful, Gerald does not explain why that evidence is probative of Ethelda's truthfulness.

Moreover, in exercising its discretion, the trial court may consider whether the instance of misconduct is relevant to the issues presented at trial. *Id*. The only issue at trial was division of property, and fault is not relevant to that question. *Muhammad*, 153 Wn.2d at 804 (Although bad conduct that results in *the dissipation of marital assets* can be considered in the division of property in a dissolution, "marital fault alone is not an appropriate consideration.") We find no abuse of discretion.

## IV. SPOUSAL SUPPORT

Gerald argues that the trial court erred because it did not award him spousal support. Gerald did not request spousal support at trial. As a general rule, we do not consider an issue raised for the first time on appeal. RAP 2.5(a); *State v. McFarland*, 127 Wn.2d 322, 332-33, 899 P.2d 1251 (1995). Therefore, we decline to address this claim.

## V. ATTORNEY FEES AT TRIAL

Gerald argues that the trial court erred in awarding attorney fees and imposing sanctions against Gerald. Gerald contends that his motions were not intransigent, but, instead, were reasonable efforts to present valid offenses and defenses and to comply with court orders. Gerald

further argues that the award should be limited only to the amount needed to compensate the opposing party for proven intransigence.[5] We conclude that the trial court did not err in finding that Gerald was intransigent, and remand to limit the attorney fee award to only those fees resulting from Gerald's intransigence.

A.      Legal Principles

A court may award attorney fees based on a party's intransigence, which "is an equitable as opposed to statutory basis for awarding attorney fees." *In re Marriage of Chandola*, 180 Wn.2d 632, 656, 327 P.3d 644 (2014). " 'Awards of attorney fees based upon the intransigence of one party have been granted when the party engaged in "foot-dragging" and "obstruction" . . . or simply when one party made the trial unduly difficult and increased legal costs by his or her actions.' " *Id.* at 657 (alteration in original) (internal quotation marks omitted) (*quoting In re Marriage of Katare*, 175 Wn.2d 23, 42, 283 P.3d 546 (2012)). The party alleging intransigence of another must demonstrate that the opposed party acted in a way that increased the costs of litigation. *In re Marriage of Pennamen*, 135 Wn. App. 790, 807, 146 P.3d 466 (2006).

A court need not consider the parties' resources where intransigence is established. *In re Marriage of Larson*, 178 Wn. App. 133, 146, 313 P.3d 1228 (2013). We review a trial court's "discretionary decision to award or deny attorney fees and the reasonableness of any attorney fee

---

[5] Gerald also argues that the trial court could not reserve on the issue of attorney fees, and had a duty to impose sanctions at the time of the hearings on the meritless motions. Gerald cites to no authority in support of this argument. Accordingly, we decline to address this argument. *DeHeer*, 60 Wn.2d at 126.

award for an abuse of discretion." *Gander v. Yeager*, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012).

B.     Application

Here, the trial court found that Gerald was intransigent because Gerald filed numerous motions without legal merit, including a motion for summary judgment, prior to the statutory waiting period required by RCW 26.09.030; because Gerald failed to appear at a hearing on his own motion; and because Ethelda was forced to file several motions to compel discovery from Gerald. These actions support the trial court's finding that Gerald was intransigent and the trial court, therefore, did not abuse its discretion.

Ethelda requested an award of $40,000, the entirety of the attorney fees she incurred throughout the case. The trial court declined to award the full amount, and instead awarded Ethelda $25,000 in attorney fees "because irrespective of [Gerald's] intransigence, the petitioner would be responsible to pay attorney fees given that they are in an active dissolution." Rep. of Proc. (July 27, 2023) at 8. A trial court's fee award based on intransigence must segregate the fees incurred because of intransigence, unless the spouse's bad acts permeated the entire proceeding. *In re Marriage of Bresnahan*, 21 Wn. App. 2d 385, 411, 505 P.3d 1218 (2022). Here, the trial court did not make a finding that Gerald's bad acts permeated the entire proceeding nor did it segregate the fees incurred because of intransigence. In fact, the trial court only had the billing records of Ethelda's trial counsel, not her two previous attorneys, in front of it. Accordingly, we remand for the trial court to segregate the fees incurred because of Gerald's intransigence and determine an appropriate fee award.

VI. ATTORNEY FEES ON APPEAL

Ethelda argues that she is entitled to attorney fees and costs on appeal because Gerald's appeal is frivolous. An appellate court may award fees for a frivolous appeal. RAP 18.9(a). "[A]n appeal is frivolous if it raises no debatable issues on which reasonable minds might differ and it is so totally devoid of merit that no reasonable possibility of reversal exists." *Protect the Peninsula's Future v. City of Port Angeles*, 175 Wn. App. 201, 220, 304 P.3d 914 (2013). We consider the civil appellant's right to appeal an adverse judgment, thus we resolve any doubts about whether an appeal is frivolous in favor of the appellant. *Id.*

Here, Gerald's appeal is not frivolous. Gerald's argument that the trial court erred by not limiting the attorney fee award to those fees incurred because of Gerald's intransigence has merit, and Gerald provided legal support for his claim. Therefore, we deny Ethelda's request for fees under RAP 18.9(a).

CONCLUSION

We conclude that (1) the trial court did not abuse its discretion because the distribution of property was fair and equitable, (2) the trial court's evidentiary rulings were not an abuse of discretion, (3) the trial court did not err by failing to award Gerald spousal support, and (4) the trial court did not err in finding Gerald intransigent, but did err in awarding attorney fees without segregating the fees incurred because of Gerald's intransigence.

We affirm the trial court's order and rulings, but remand for the trial court to segregate the fees incurred because of Gerald's intransigence and determine an appropriate fee award.

No. 58572-3-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, C.J.

We concur:

VELJACIC, J.

PRICE, J.