[No. 15056.  Department One.  December 28, 1918.]

VAN BUG FISH COMPANY, *Appellant*, v.
MARTIN HERSTROM, *Sheriff of Jefferson
County, Respondent*.[1]

INTOXICATING LIQUORS (53) — SEARCHES AND SEIZURES — BOATS —
STATUTES. A boat on which intoxicating liquors are found is not
subject to seizure and forfeiture by a justice of the peace, under
Rem. Code, § 6262-11, providing for the seizure and forfeiture by
justices of the peace of all "implements, furniture and fixtures"
used or kept for the illegal sale of intoxicating liquors; in view of
Id., § 6262-5, providing that premises, buildings, vehicles or boats
unlawfully used may be abated as nuisances by action to be brought
in the superior court, and may be released upon bond.

Appeal from a judgment of the superior court for
Jefferson county, Ralston, J., entered May 13, 1918,
dismissing an action for an injunction, after a trial
on the merits to the court.. Reversed.

*A. R. Coleman*, for appellant.

*Tom W. Holman*, for respondent.

TOLMAN, J.—On February 22, 1918, the prosecuting
attorney of Jefferson county filed with a justice of
the peace a complaint, and procured the justice to
issue a search warrant directing the sheriff to search
the gas boat "George E" for intoxicating liquors al-
leged to be kept thereon by one Sam Bugge in viola-
tion of the provisions of the prohibition law.  In the
execution of this warrant, the sheriff seized the boat
"George E," and made return, stating in effect that
he found and seized seventy-two packets containing
liquor which were on board the U. S. Patrol Boat
"Arcata," taken from the gas boat "George E" on
February 22, 1918; and also the gas boat "George E"

[1]Reported in 177 Pac. 334.

from which said intoxicating liquor was taken; and further certifying that the liquor was found in the possession of the captain of the "Arcata," and that the gas boat "George E" was found in the possession of Sam Bugge. An order was made by the justice fixing a time for the hearing on the sheriff's return, at which time appellant appeared by its attorney before the justice, filed a claim of ownership of the "George E" in writing, and moved to quash the proceedings on the ground that the justice had no jurisdiction to enter a judgment for the forfeiture and sale of said boat. The motion being denied, the justice proceeded to enter an order declaring the boat forfeited, and issued an execution directing the sheriff to sell the same. Proceeding under the execution, the sheriff was about to sell the boat, when appellant brought this action and procured a temporary order restraining the sale. After trial on the merits, the court below denied appellant's prayer for a permanent injunction and dismissed the action. Whereupon this appeal followed.

The sole question here presented and to be determined is whether the boat in question may be forfeited and sold under §§ 11 and 12 of the act (Laws of 1915, p. 2, ch. 2; Rem. Code, § 6262-1 *et seq.*). Section 11 provides:

"If, upon the sworn complaint of any person, it shall be made to appear to any judge of the superior court or justice of the peace that there is probable cause to believe that intoxicating liquor is being manufactured, sold, bartered, exchanged, given away, furnished or otherwise disposed of or kept in violation of the provisions of this act, such justice of the peace or judge shall, with or without the approval of the prosecuting attorney, issue a warrant directed to any peace officer in the county, commanding him to search the premises designated and described in such complaint and warrant, and to seize all intoxicating liquor

there found, together with the vessels in which it is contained, and all implements, furniture and fixtures used or kept for the illegal manufacture, sale, barter, exchange, giving away, furnishing or otherwise disposing of such liquor . . ." Id., § 6262-11.

And § 12 (Id., § 6262-12) provides for a hearing on the return of the warrant for the purpose of determining whether "any article so seized" was kept or used for the purpose of violating the act; that "any person claiming any interest in any of the articles seized may appear and be heard upon filing a written claim," and if no such claim be made or substantiated, a judgment of forfeiture shall be entered.

Were these the only provisions of the act touching the disposition of property used unlawfully, it might be held that, by the use of the words "implements, furniture and fixtures," the intention is shown to include all personal property used, as was this boat, in violating the law. But the act must be construed as a whole; and in § 5 (Id., § 6262-5) we find what appears to be a complete provision covering property of this kind. It is there provided:

"It shall be unlawful for any person owning, leasing, renting or occupying any premises, building, vehicle or boat to knowingly permit intoxicating liquor to be manufactured, sold, bartered, exchanged, given away, furnished or otherwise disposed of in violation of the provisions of this act, or to be kept with intent to sell, barter, exchange, give away, furnish or otherwise dispose of the same in violation of the provisions of this act thereon or therein; and all premises, buildings, vehicles and boats whereon and wherein intoxicating liquor is manufactured, sold, bartered, exchanged, given away, furnished or otherwise disposed of or kept with intent to sell, barter, exchange, give away, furnish or otherwise dispose of the same in violation of the provisions of this act are common nuisances, and may be abated as such, and upon convic-

tion of the owner, lessee, tenant or occupant of any premises, buildings, vehicle or boat of a violation of the provisions of this section, the court shall order that such nuisance be abated, and that such premises, building, vehicle or boat be closed until the owner, lessee, tenant or occupant thereof shall give bond with a sufficient surety to be approved by the court making the order, in the penal sum of one thousand dollars, payable to the state of Washington, and conditioned that intoxicating liquor will not thereafter be manufactured, sold, bartered, exchanged, given away, furnished or otherwise disposed of thereon and therein, or kept thereon or therein, with intent to sell, barter, exchange, give away or otherwise dispose of the same contrary to law, and that he will pay all fines, costs and damages that may be assessed against him for any violation of this act; and in case of the violation of any condition of such bond, the whole amount may be recovered as a penalty, for the use of the county wherein the premises are situated; and in all cases where any person has been convicted before a justice of the peace of a violation of the provisions of this section, and no appeal has been taken from such conviction, an information or complaint may be filed in the superior court of the county in which such conviction was had to abate the nuisance, and in any such action, a certified copy of the records of such justice of the peace, showing such conviction, shall be competent evidence of the existence of such nuisance."

It seems clear and plain from the mere reading of the act that the kind of property to be summarily dealt with under §§ 11 and 12 is the liquor itself, and the articles necessarily and customarily used in connection therewith and the sale and consumption thereof, such as the containers, glassware, bar furniture and fixtures, and the like. It is equally clear that boats and vehicles, being expressly named in § 5 (Id., § 6262-5), are to be disposed of under the terms of that section, and not otherwise. It may be that a boat is an implement, within the ordinary definition,

and were the provisions of § 5 omitted from the act, we might so define it. But we cannot believe that the framers of the act, after having provided that a boat or vehicle so used shall be deemed a nuisance and be abated as such, intended again to cover the same subject by the use of the words "implements, furniture and fixtures," as used in §§ 11 and 12 (Id., §§ 6262-11, 6262-12), and thus to provide a wholly different manner for the disposition thereof, inconsistent with the previous provisions already incorporated in § 5 (Id., § 6262-5). This court appears to have already adopted this view. *Everett v. McCullough,* 102 Wash. 51, 172 Pac. 863.

It will be observed that, under § 5, no jurisdiction is conferred on a justice of the peace, and that information or complaint seeking the enforcement of the provisions of that section must be filed in the superior court. It follows, therefore, that the justice of the peace, in the proceeding hereinbefore referred to, had no jurisdiction of the boat now in controversy; that his judgment of forfeiture was absolutely void, and therefore can be attacked collaterally; and the permanent injunction should have been issued as prayed for.

The judgment appealed from is reversed, with instructions to proceed as herein indicated.

MAIN, C. J., MACKINTOSH, CHADWICK, and MITCHELL, JJ., concur.