FILED
COURT OF APPEALS
DIVISION II

2013 JUN 19 AM 8: 32

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| PROTECT THE PENINSULA'S FUTURE, CLALLAM COUNTY CITIZENS FOR SAFE DRINKING WATER, and ELOISE KAILIN, | No. 43252-8-II |
| Appellants/Cross-Respondents, | |
| v. | |
| CITY OF PORT ANGELES, and CITY OF FORKS, | PUBLISHED OPINION |
| Respondents/Cross-Appellants. | |

WORSWICK, C.J. — Protect the Peninsula's Future, Clallam County Citizens for Safe Drinking Water, and Eloise Kailin (collectively, Kailin) filed a complaint for a search warrant under RCW 69.41.060, claiming that fluoride is a legend drug and that the city of Port Angeles and the city of Forks (collectively, the Cities) unlawfully added fluoride to their public drinking water systems. The trial court denied Kailin's motion to amend the complaint and dismissed it for failure to state a claim upon which relief can be granted. Kailin appeals, arguing that (1) the dismissal for failure to state a claim was unwarranted because fluoridated water is a legend drug under RCW 69.41.010 and because the State Board of Health promulgated two regulations that violate the supremacy clause of the United States Constitution, art. VI, cl. 2, and (2) the trial court erroneously denied her motion to amend the complaint. Two amici, Our Water-Our Choice! and Washington Action for Safe Water, jointly filed a brief supporting Kailin. In their

cross appeal, the Cities argue that the trial court erred by denying their request for sanctions and attorney fees.

Following oral argument, we ordered supplemental briefing on the issue of whether RCW 69.41.060 creates a private cause of action for a search warrant. Order Requiring Supplemental Briefing, *Protect the Peninsula's Future v. City of Port Angeles*, No. 43252-8-II (Wash. Ct. App. Feb. 19, 2013); *see* RAP 12.1(b). Holding that RCW 69.41.060 does not create a private cause of action and that the trial court properly denied both Kailin's motion to amend the complaint and the Cities' request for sanctions, we affirm.

## FACTS

The city of Port Angeles and the city of Forks each operate public drinking water systems. Both Cities add fluoride compounds to the drinking water; Port Angeles adds fluorosilicic acid, and Forks adds bulk sodium fluoride.[1]

Kailin applied for a warrant pursuant to RCW 69.41.060.[2] She sought a warrant commanding a peace officer to search certain facilities belonging to the Cities and seize their fluorides and related equipment.[3] Kailin averred that the fluorides are legend drugs under chapter 69.41 RCW, that the United States Food and Drug Administration (FDA) regulates the

---

[1] We use the term "fluorides" to refer to the Cities' fluoride compounds and fluoridated drinking waters.

[2] Under RCW 69.41.060, a judge shall issue a warrant to search for and seize legend drugs used, manufactured, or sold in violation of chapter 69.41 RCW when "the sworn complaint of any person" establishes probable cause to believe a violation has occurred.

[3] Kailin sought to "seize in-place" the fluorides, meaning that the Cities would cease adding fluoride to their drinking water systems and water would continue to flow. Clerk's Papers (CP) at 271.

use of the fluorides to prevent disease in humans, that fluoridated drinking water prevents the disease of dental caries (tooth decay), and that the Cities lacked FDA approval to fluoridate their water systems.

In an ex parte proceeding, the superior court denied the warrant application. The court found probable cause to believe that the Cities stored and used fluorides at the facilities. However, the court ruled "[t]here is not probable cause to believe a crime is being committed . . . and the issues raised need to be publicly litigated with due process afforded to all parties before any searches or seizures are justified." Clerk's Papers (CP) at 265.

Kailin then commenced this action by filing a "certified complaint for search and seizure warrants," naming herself as plaintiff and the Cities as defendants. CP at 257. Like the ex parte application, Kailin's complaint relied on RCW 69.41.060 and sought a warrant commanding peace officers to search the Cities' fluoridation facilities and seize fluoride compounds and fluoridating equipment. The complaint also sought statutory costs and fees, as well as any other just and equitable relief.

On June 7, 2011, the Cities filed a motion to dismiss Kailin's complaint under CR 12(b)(6) and CR 12(c), arguing that (1) Kailin's complaint failed to state a claim upon which relief may be granted and (2) the Cities were entitled to judgment on the pleadings. The Cities also asked the trial court to sanction Kailin under CR 11 and to award reasonable attorney fees and costs incurred in defending a frivolous suit under RCW 4.84.185. On June 10, Kailin moved to amend the complaint to request a declaration that the Cities' fluorides meet the statutory definition of "drugs." CP at 204.

3

The trial court denied Kailin's motion to amend, reasoning that the amendment would be futile. The trial court then granted the Cities' motion to dismiss Kailin's complaint under CR 12(b)(6). But the trial court declined to sanction Kailin or award attorney fees, explaining that Kailin was "acting in good faith and arguing for a good faith change to the law, but [her] remedy is with the Legislature, not with the courts." Verbatim Report of Proceedings (VRP) at 40.

Kailin sought direct review by our Supreme Court. The Cities cross appealed. The Supreme Court transferred the case to us. Order, *Protect the Peninsula's Future v. City of Port Angeles*, No. 86224-9 (Wash. Mar. 27, 2012).

## ANALYSIS

### I. DISMISSAL OF KAILIN'S COMPLAINT

Kailin argues that the trial court erred by dismissing her complaint for failure to state a claim upon which relief can be granted. We disagree.

### A. *Standard of Review*

In an appeal from a trial court's dismissal of a complaint for failure to state a claim upon which relief can be granted, our review is de novo.[4] *San Juan County v. No New Gas Tax*, 160 Wn.2d 141, 164, 157 P.3d 831 (2007). In reviewing a CR 12(b)(6) dismissal, we presume the truth of the allegations in the complaint and may consider hypothetical facts not included in the record. *Tenore v. AT&T Wireless Servs.*, 136 Wn.2d 322, 330, 962 P.2d 104 (1998). Such dismissals are appropriate only in unusual cases where, on the face of the complaint, there is an insuperable bar to relief. *San Juan County*, 160 Wn.2d at 164.

---

[4] We also review de novo a CR 12(c) judgment on the pleadings. *Gaspar v. Peshastin Hi-Up Growers*, 131 Wn. App. 630, 634-35, 128 P.3d 627 (2006).

4

B.      *RCW 69.41.060 Creates No Private Cause of Action*

Kailin argues that RCW 69.41.060 creates a private cause of action. We disagree.[5]

As an initial matter, we recognize that the parties correctly characterize this action as a civil action. Citing the example of *City of Seattle v. McCready*, 123 Wn.2d 260, 868 P.2d 134 (1994), Kailin argues that a complaint commencing a civil action is a proper means of applying for a statutorily authorized search warrant. We agree that an action for a search warrant is a civil action in rem, and it is distinct from a criminal prosecution against an individual. *State v. Twenty Barrels of Whiskey*, 104 Wash. 382, 387, 176 P. 673 (1918); *State v. Great N. Ry. Co.*, 98 Wash. 197, 198, 201, 167 P. 103 (1917); *see Furnia v. Grays Harbor County*, 158 Wash. 619, 626-27, 291 P. 1111 (1930).

However, Kailin further argues that RCW 69.41.060 allows *any person* to allege a civil cause of action for a warrant to search for legend drugs held in violation of chapter 69.41 RCW. This argument ignores the distinction between a private cause of action and a public cause of action, and this distinction is critical to determining who may bring an action to enforce a statute. *See Davis v. Passman*, 442 U.S. 228, 241, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979). A civil action for a search warrant is a *public* cause of action because it is brought by "the state in the exercise of its police powers as plaintiff, as in other cases of violation of the criminal laws." *Great N. Ry.*, 98 Wash. at 201; *see Davis*, 442 U.S. at 241. But because Kailin brought her complaint as a private person, she cannot maintain a public cause of action.

---

[5] Although this issue was not raised below, we consider the issue because it affects Kailin's right to maintain the action. *See Bennett v. Hardy*, 113 Wn.2d 912, 918, 784 P.2d 1258 (1990).

Thus the question is whether RCW 69.41.060 creates a private cause of action that allows Kailin to sue for a search warrant. Kailin asserts that the statute implies a private cause of action. We disagree.

RCW 69.41.060 provides, in relevant part:

> If, upon the sworn complaint of any person, it shall be made to appear to any judge of the superior or district court that there is probable cause to believe that any legend drug is being used, manufactured, sold, bartered, exchanged, given away, furnished or otherwise disposed of or kept in violation of the provisions of this chapter, such judge shall, with or without the approval of the prosecuting attorney, issue a warrant directed to any peace officer in the county, commanding the peace officer to search the premises designated and described in such complaint and warrant, and to seize all legend drugs there found . . . and to safely keep the same . . . .

Washington courts recognize that a statute may create an implied private cause of action when the legislature did not expressly provide an adequate remedy for violations of statutory rights. *Cazzanigi v. Gen. Elec. Credit Corp.*, 132 Wn.2d 433, 445, 938 P.2d 819 (1997); *Bennett v. Hardy*, 113 Wn.2d 912, 919-20, 784 P.2d 1258 (1990). To determine whether a statute creates an implied private cause of action, we examine three factors: (1) whether the plaintiff is a member of the class for whose "especial" benefit the legislature enacted the statute, (2) whether explicit or implicit evidence of legislative intent supports recognition of a private cause of action, and (3) whether an implied private cause of action is consistent with the statute's underlying purpose. *Bennett*, 113 Wn.2d at 920-21. All three of the *Bennett* factors are lacking here.

1. *Chapter 69.41 RCW Confers No Especial Benefit on Any Class*

First, Kailin is not a member of a class for whose especial benefit the legislature enacted chapter 69.41 RCW, because the legislature enacted chapter 69.41 RCW to protect the general public from risks posed by legend drugs. *See State v. Garza-Villarreal*, 123 Wn.2d 42, 47, 864

6

P.2d 1378 (1993) (holding that the public at large is the victim of criminal possession of controlled substances). When a statute protects the general public instead of an identifiable class of persons, a plaintiff is not a member of the class for whose especial benefit the statute was enacted. *Fisk v. City of Kirkland*, 164 Wn.2d 891, 895, 194 P.3d 984 (2008); *see Davenport v. Wash. Educ. Ass'n*, 147 Wn. App. 704, 719, 197 P.3d 686 (2008).

Arguing to the contrary, Kailin asserts that she is a member of "the class of people who would be adversely affected by a legend drug processed in violation of chapter 69.41 RCW." Suppl. Br. of Appellant (Kailin) at 9. But Kailin does not argue that the legislature enacted chapter 69.41 RCW for any class's especial benefit, nor does she attempt to define that class.

2. *Legislative Intent Does Not Support Recognition of a Private Cause of Action*

Next, the available evidence of legislative intent behind RCW 69.41.060 does not support recognition of a private cause of action for a search warrant. The Cities argue that nothing in the legislative history of RCW 69.41.060 suggests that the legislature intended a private person to apply for a search warrant for legend drugs. We agree.

The legislature authorized search warrants for legend drugs when it enacted RCW 69.41.060. LAWS OF 1973, 1st Ex. Sess., ch. 186, § 6 (H.B. 766). Contemporaneous legislative reports refer to the bill's criminal penalties and authorization of search warrants based on probable cause established by the sworn complaint of any person. S.B. REP. on E.H.B. 766, 43d Leg., 1st Ex. Sess. (Wash. 1973); H.B. REP. on H.B. 766, 43d Leg., 1st Ex. Sess. (Wash. 1973). But the reports make no mention of enforcement by private persons. Therefore, there is no evidence that the legislature intended to create a private cause of action.

Arguing to the contrary, Kailin points out that RCW 69.41.060 authorizes the court to issue a warrant "upon the sworn complaint of any person" and "with or without the approval of the prosecuting attorney." Kailin argues that, with these phrases, the statute allows any private citizen to apply for a search warrant to seize legend drugs. Wash. Court of Appeals oral argument, *Protect the Peninsula's Future v. City of Port Angeles*, No. 43252-8-II (Jan. 7, 2013), at 11 min., 50 sec.—13 min., 55 sec. (on file with court). We disagree.

The phrases "upon the sworn complaint of any person" and "with or without the approval of the prosecuting attorney" are not unique to RCW 69.41.060; they also appear in two older statutes that use nearly identical language to authorize search warrants.[6] This language apparently originated in the oldest of the three statutes, which was first enacted as part of Washington's prohibition law and which is presently codified at RCW 66.32.020.[7]

Kailin contends that any person may apply for a legend drug warrant under RCW 69.41.060, just as any person may apply for an intoxicating liquor warrant under RCW 66.32.020. We disagree.

Washington's prohibition law contained two citizen-enforcement provisions that departed dramatically from ordinary criminal procedure. First, the prohibition law allowed any citizen to

---

[6] The older statutes authorized search warrants for illegal intoxicating liquor and controlled substances, respectively. LAWS OF 1915, ch. 2, § 11 (intoxicating liquor warrants, now codified at RCW 66.32.020); LAWS OF 1951, 2d Ex. Sess., ch. 22, § 24 (controlled substances warrants, now codified at RCW 69.50.509).

[7] Until its repeal, Washington's prohibition law authorized search warrants for illegal intoxicating liquor. LAWS OF 1915, ch. 2, § 11 (repealed by LAWS OF 1933, ch. 2, § 2); *see Van Bug Fish Co. v. Herstrom*, 104 Wash. 545, 546-47, 177 P. 334 (1918). In 1943, the legislature revived the prohibition law's search warrant provision by reenacting it in nearly identical form. LAWS OF 1943, ch. 216, § 3(2) (now codified at RCW 66.32.020)).

8

*initiate* a criminal case by filing a "sworn complaint" with a superior court or justice of the peace.[8] Second, the prohibition law allowed any citizen to hire an attorney to *prosecute* a criminal case, even when the prosecuting attorney refused.[9] Given these citizen-enforcement provisions, the prohibition law may have permitted private persons to seek search warrants for illegal intoxicating liquor. However, the legislature repealed these citizen-enforcement provisions and, unlike the statute providing for intoxicating liquor warrants, did not reenact them. LAWS OF 1933, ch. 2, § 2; *see* LAWS OF 1943, ch. 216.

In contrast to the prohibition law, the legend drug statutes in chapter 69.41 RCW contain no citizen-enforcement provisions. Differences in the text of two statutes show that the legislature's intent differed too. *Cazzanigi*, 132 Wn.2d at 446. Because chapter 69.41 RCW contains no citizen-enforcement provisions, we hold that legislative intent does not support recognition of a private cause of action for a search warrant.

3. *An Implied Private Cause of Action Is Not Consistent with the Statute's Purpose*

Lastly, an implied private cause of action is not consistent with chapter 69.41 RCW's purpose of establishing criminal penalties for the unlawful possession or use of legend drugs.

---

[8] The prohibition law provided: "Every justice of the peace or superior judge shall recognize and act upon any sworn complaint of a violation of this act filed by any citizen of the state in the same manner and to the same extent as though the same were filed by a prosecuting officer." LAWS OF 1915, ch. 2, § 27 (repealed by LAWS OF 1933, ch. 2, § 2).

[9] The prohibition law also provided: "Any citizen or organization within this state may employ an attorney to assist the prosecuting attorney in any action or proceeding under this act, and such attorney shall be recognized by the prosecuting attorney and the court as associate counsel in the case, and no prosecution shall be dismissed over the objection of such associate counsel until the reasons of such prosecuting attorney for such dismissal, together with the objections of such associate counsel, shall have been filed in writing, argued by counsel and fully considered by the court." LAWS OF 1915, ch. 2, § 14 (repealed by LAWS OF 1933, ch. 2, § 2).

*See* RCW 69.41.020, .030, .040, .050, .170, .320(1), .350.[10] In Washington, all criminal prosecutions must be brought in the State's name and by the State's authority. WASH. CONST. art. IV, § 27. Our Supreme Court has recognized that a search warrant is a "tool of governmental authority" and "one of the most extraordinary means by which the State may exert its power." *McCready*, 123 Wn.2d at 277-78. Thus, a private cause of action for a search warrant would allow a private citizen to exercise extraordinary governmental authority to search for evidence the State could use to prosecute another person. But that is inconsistent with a system in which the power to prosecute criminal acts is vested in public prosecutors. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Thus a private cause of action for a search warrant is inconsistent with the purpose of RCW 69.41.060.

RCW 69.41.060 does not create an implied private cause of action for a search warrant because none of the three *Bennett* factors is met. *See Bennett*, 113 Wn.2d at 920-21. The nonexistence of a private cause of action is an insuperable bar to the relief Kailin sought. Therefore, on this alternative ground, we affirm the trial court's dismissal of Kailin's complaint, without deciding the merits of Kailin's assignments of error to the CR 12(b)(6) dismissal. *See San Juan County*, 160 Wn.2d at 164.

---

[10] Chapter 69.41 RCW also has a regulatory purpose, in that it directs the Board of Pharmacy to regulate the lawful use of legend drugs by licensed pharmacists. RCW 69.41.042, .075, .080, .180, .240. But the search warrant provision in RCW 69.41.060 clearly relates to the chapter's criminal law purpose.

## II. KAILIN'S MOTION TO AMEND THE COMPLAINT

Kailin further argues that the trial court erred by denying her motion to amend her complaint. We disagree.

We review a trial court's ruling on a motion to amend the complaint for an abuse of discretion. *Caruso v. Local Union No. 690 of Int'l Bhd. of Teamsters*, 100 Wn.2d 343, 351, 670 P.2d 240 (1983). A trial court abuses its discretion when its decision is manifestly unreasonable, based on untenable grounds, or made for untenable reasons. *Wilson v. Horsley*, 137 Wn.2d 500, 505, 974 P.2d 316 (1999).

To amend a pleading after the opposing party has responded to it, the amending party must obtain the trial court's leave or the opposing party's consent. *See* CR 15(a). A trial court must grant leave freely "when justice so requires." CR 15(a). But a trial court may refuse to grant leave when the amendment would be futile. *Ino Ino, Inc. v. City of Bellevue*, 132 Wn.2d 103, 142, 937 P.2d 154 (1997).

Here, Kailin sought the trial court's leave to amend the complaint by adding a request that the trial court declare that the Cities' fluorides are drugs. The trial court denied the motion on the grounds that it would be futile, given that fluorides in public drinking water were held not to be drugs in *Kaul v. City of Chehalis*, 45 Wn.2d 616, 625, 277 P.2d 352 (1954).[11] Kailin

---

[11] Since *Kaul* was decided, the legislature has not changed the definition of "drug" in RCW 69.04.009 in any way that affects our analysis. *See* LAWS OF 2009, ch. 549, § 1018. RCW 69.04.009 defines "drug" in language that is almost identical to the federal definition found in 21 U.S.C. § 321(g)(1). However, even when a state statute contains language that is exactly the same as a federal statute, our Supreme Court decides the meaning of the state statute. *See McCurry v. Chevy Chase Bank, FSB*, 169 Wn.2d 96, 101-03, 233 P.3d 861 (2010) (holding that the interpretation of CR 12(b)(6) differs from that of Fed. R. Civ. P. 12(b)(6), despite identical language).

contends that the trial court abused its discretion because *Kaul*'s statement about drugs is mere dicta. Kailin is incorrect.

A statement is dicta when it is not necessary to the court's decision in a case. *Ruse v. Dep't of Labor & Indus.*, 138 Wn.2d 1, 8-9, 977 P.2d 570 (1999). Dicta is not binding authority. *See Hildahl v. Bringolf*, 101 Wn. App. 634, 650-51, 5 P.3d 38 (2000).

In *Kaul*, a Chehalis resident challenged a city ordinance requiring fluoridation of its water supply, basing his challenge on constitutional and statutory provisions. 45 Wn.2d at 617-18. The trial court dismissed the resident's suit and upheld the ordinance. 45 Wn.2d at 618-19. On appeal, our Supreme Court affirmed in an opinion that focused primarily on the city's police powers and the resident's constitutional rights. 45 Wn.2d at 619-25. The resident also assigned error to the trial court's conclusion "that the city is not engaged in selling drugs, practicing medicine, dentistry, or pharmacy as defined by statute." 45 Wn.2d at 625. The Court considered and summarily rejected this assignment of error. 45 Wn.2d at 625. Because a holding that fluoridated waters are drugs would have resulted in a different outcome, *Kaul*'s statement is not dicta. *See Ruse*, 138 Wn.2d at 8-9.

In the alternative, Kailin argues that *Kaul* is no longer controlling authority on whether the Cities' fluorides are drugs. In support of this argument, Kailin contends that the Federal Food, Drug, and Cosmetic Act's broad definition of "drugs" must receive a literal construction after *United States v. An Article of Drug . . . Bacto-Unidisk*, 394 U.S. 784, 89 S. Ct. 1410, 22 L.

Ed. 2d 726 (1969).[12] But Kailin ignores *Kaul*'s decision that fluorides in drinking water are not drugs under Washington law. *See Kaul*, 45 Wn.2d at 625. For the purposes of Kailin's motion to amend her complaint, "drug" is defined by RCW 69.04.009 and applicable Washington case law—not in the Federal Food, Drug, and Cosmetic Act. Thus *Bacto-Unidisk* is unavailing.

Lastly, Kailin maintains that justice requires the trial court to grant leave to amend her complaint, because she could be precluded from making the same argument in a future case. But the possibility of preclusion does not diminish the futility of her motion to amend. The trial court did not abuse its discretion in denying her motion.[13] Kailin's appeal fails.

### III. AMICI CURIAE BRIEF

The amici raise three issues, none of which alter our analysis.

First, the amici invite us either to judicially notice or to consider as a hypothetical fact that the FDA has decided fluorides in drinking water are prescription drugs under federal law.

---

[12] In relevant part, the Federal Food, Drug, and Cosmetic Act provides: "The term 'drug' means . . . articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals." 21 U.S.C. § 321(g)(1)(B). Kailin alleged that the Cities use fluorides to prevent the disease of dental caries.

[13] Because the trial court did not err, we do not consider the Cities' alternative arguments that (1) there is no need to decide whether the fluorides are drugs and (2) whether the fluorides are drugs is an issue falling within the primary jurisdiction of the Board of Pharmacy and Department of Health. We also do not decide whether Kailin's proposed amended complaint would present a justiciable declaratory judgment claim. *See To-Ro Trade Shows v. Collins*, 144 Wn.2d 403, 411, 27 P.3d 1149 (2001).

We decline the amici's invitation.[14] As we explained above, Kailin sought a search warrant under state law and, therefore, the status of the Cities' fluorides under federal law has limited relevance to the issues in this appeal.

Second, the amici contest the Cities' assertion that the doctrine of primary jurisdiction precludes us from deciding whether the Cities' fluorides are prescription drugs under federal law. We do not address the doctrine of primary jurisdiction or decide whether the Cities' fluorides are prescription drugs under federal law because these questions are not necessary to deciding the issue presented by Kailin's motion to amend the complaint: whether the Cities' fluorides are drugs under Title 69 RCW.

Third, the amici argue that chapter 69.41 RCW is ambiguous and therefore this court must defer to the Board of Pharmacy's ruling that the Cities' fluorides are legend drugs. This argument misrepresents the record. The Board's purported ruling is a letter stating that fluoride is, in general, a legend drug but that RCW 57.08.012 supersedes the legend drug statutes in chapter 69.41 RCW as applied to fluoridated water supplies. Thus, the letter clearly is not a "ruling" that the Cities' fluorides are legend drugs. Moreover, neither party has argued that chapter 69.41 RCW is ambiguous, and this court does not consider new issues raised for the first time in an amicus brief. *Ruff v. King County*, 125 Wn.2d 697, 704 n.2, 887 P.2d 886 (1995).

---

[14] A CR 12 analysis permits us to hypothesize that the Cities' fluorides are prescription drugs under federal law. *See McCurry*, 169 Wn.2d at 101. But judicial notice is not appropriate here because the amici have failed to supply an accurate and authoritative source verifying the purported fact. ER 201(b), (d); *City of Seattle v. Peterson*, 39 Wn. App. 524, 529, 693 P.2d 757 (1985).

IV. THE CITIES' REQUEST FOR REASONABLE ATTORNEY FEES AND COSTS

In their cross appeal, the Cities argue that the trial court erred by declining to award reasonable attorney fees and costs incurred in defending this suit. We disagree.

A court may award attorney fees only when authorized by a contract, a statute, or a recognized ground in equity. *Bowles v. Dep't of Ret. Sys.*, 121 Wn.2d 52, 70, 847 P.2d 440 (1993). Here, the Cities sought an award of reasonable attorney fees and costs under (1) RCW 4.84.185 and (2) CR 11.

Under both RCW 4.84.185 and CR 11, we review a trial court's denial of a request for reasonable attorney fees and costs for an abuse of discretion. *Bldg. Indus. Ass'n of Wash. v. McCarthy*, 152 Wn. App. 720, 745, 218 P.3d 196 (2009). A court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. *Dix v. ICT Grp., Inc.*, 160 Wn.2d 826, 833, 161 P.3d 1016 (2007). A court necessarily abuses its discretion when basing its decision on an erroneous view of the law or when applying an incorrect legal standard. *Dix*, 160 Wn.2d at 833.

A. *RCW 4.84.185*

First, when an action is frivolous, RCW 4.84.185 authorizes the trial court to award the prevailing party reasonable expenses, including attorney fees. *Bldg. Indus. Ass'n*, 152 Wn. App. at 745. "A lawsuit is frivolous if, when considering the action in its entirety, it cannot be supported by any rational argument based in fact or law." *Dave Johnson Ins., Inc. v. Wright*, 167 Wn. App. 758, 785, 275 P.3d 339, *review denied*, 175 Wn.2d 1008 (2012).

The Cities argue that the trial court abused its discretion when it applied an incorrect legal standard to deny the Cities' request "solely because" Kailin made a good faith argument for

15

a change in the law. Br. of Resp't at 41. But the Cities misstate the record. In fact, the trial court also determined that Kailin's complaint was not entirely unsupportable by a rational argument. Before granting the Cities' motion to dismiss, the trial court explained,

> I appreciate the argument that [Kailin is] making. I can understand why you could, I guess, attempt [to] argue that fluoride that's added to the water and fluoridated water are drugs that should be controlled by the Board of Pharmacy or the FDA, but they [are not].

VRP at 39. Thus the trial court did not apply an incorrect legal standard in denying the Cities' request under RCW 4.84.185. This argument fails.

B.     *CR 11*

Next, the Cities argue that the trial court also applied an incorrect legal standard when denying their request for CR 11 sanctions, because the trial court did not find whether Kailin's complaint lacked a sufficient factual basis. This argument fails.

Under CR 11(a), the person who signs a complaint must certify, inter alia, that the complaint "is well grounded in fact," but only "to the best of the [person's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." CR 11(a). If a person has violated this requirement, the trial court "*may* impose . . . an appropriate sanction, which *may* include an order to pay [the opposing party's reasonable costs and attorney fees]." CR 11(a) (emphasis added). But a trial court is not required to impose sanctions for every violation of CR 11. *Biggs v. Vail*, 124 Wn.2d 193, 200, 876 P.2d 448 (1994). Accordingly, a trial court may deny a request for sanctions without entering findings on whether a CR 11 violation occurred. *Skimming v. Boxer*, 119 Wn. App. 748, 755, 82 P.3d 707 (2004).

16

Here, the trial court stated that Kailin was "acting in good faith and arguing for a good faith change to the law." VRP at 40. The trial court properly exercised its discretion in refusing to sanction a party who acted in good faith. The Cities are not entitled to an award of reasonable costs and attorney fees.

ATTORNEY FEES ON APPEAL

Both Kailin and the Cities request attorney fees and costs on appeal. We decline both requests.

Kailin requests statutory attorney fees and costs under RCW 4.84.020 and .080. But RCW 4.84.010 limits these costs and fees to the prevailing party. Kailin is not the prevailing party here, and we deny her request for attorney fees and costs.

Citing RAP 18.9(a), the Cities request an award of their attorney fees and costs for defending a frivolous appeal. In determining whether an appeal is frivolous, five considerations guide us: (1) a civil appellant has a right to appeal, (2) we resolve any doubts about whether an appeal is frivolous in the appellant's favor, (3) we consider the record as a whole, (4) an unsuccessful appeal is not necessarily frivolous, and (5) an appeal is frivolous if it raises no debatable issues on which reasonable minds might differ and it is so totally devoid of merit that no reasonable possibility of reversal exists. *Carrillo v. City of Ocean Shores*, 122 Wn. App. 592, 619, 94 P.3d 961 (2004) (citing *Streater v. White*, 26 Wn. App. 430, 434-35, 613 P.2d 187 (1980)).

Even if binding precedent had directly controlled the outcome of this appeal, Kailin sought direct review in our Supreme Court and asked the Court to "overrule, clarify, or distinguish" two of its prior cases: *Kaul*, 45 Wn.2d at 616, and *City of Port Angeles v. Our*

17

*Water-Our Choice!*, 170 Wn.2d 1, 239 P.3d 589 (2010). Br. of Appellant at 5. Although we must apply binding precedent, the judgment below could have been reversed if our Supreme Court had overruled its prior decisions. That prospect is not entirely unreasonable, given that both *Kaul* and *City of Port Angeles* were five-to-four decisions. *Kaul*, 45 Wn.2d at 616; *City of Port Angeles*, 170 Wn.2d at 1. Given the procedural posture of this appeal and Kailin's request that the Court overrule binding precedent, we hold that Kailin's appeal is not so devoid of merit that no reasonable possibility of reversal exists.

The Cities further contend that Kailin filed this appeal to promote her "political agenda" of opposing the fluoridation of public drinking water. Br. of Resp't at 47. The Cities urge that, unless we order Kailin to pay the Cities' attorney fees, "the courts will continue to be sources for political expression, rather than judicial dispute resolution." Br. of Resp't at 41. But in deciding whether Kailin's appeal is frivolous, we do not judge the purity of the reasons that motivated Kailin to appeal; instead, we resolve all doubts in Kailin's favor. *See Carrillo*, 122 Wn. App. at 619. Because we hold that Kailin's appeal is not frivolous, we decline to award reasonable attorney fees to the Cities.

Affirmed.

_____
Worswick, C.J.

We concur:

_____
Quinn-Brintnall, J.

_____
Van Deren, J.P.T.

18