# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| HOWARD and BEATRICE SEELIG, a marital community, | ) ) ) | No. 75777-6-I |
| Appellants, | ) ) ) ) | DIVISION ONE |
| v. | ) ) ) | |
| 308 FOURTH AVENUE SOUTH JOINT VENTURE, a New York general partnership; ORT DOWNTOWNER, LLC, a general partner; MARTIN A. SEELIG, a general partner; MICHELLE SEELIG TRUST, a general partner; RACHEL SEELIG TRUST, a general partner; JENNIFER H. SEELIG, a general partner; LAURA S. STRICKLAND, a general partner; MARK E. STRICKLAND, a general partner; GOLDSCHMIDT FAMILY TRUST, a general partner; LAWRENCE E. GOLDSCHMIDT, a general partner; ELLEN C. GOLDSCHMIDT, a general partner; JULIET S. AMES GRANTOR TRUST, a general partner; ALEXANDER K. AMES GRANTOR TRUST, a general partner; SAMANTHA WINSLOW GRANTOR TRUST, a general partner; JESSIE WINSLOW GRANTOR TRUST, a general partner; MARGARET S. LARKIN TRUST, a general partner; MATTHEW S. LARKIN GRANTOR TRUST, a general partner; MICHELLE C. KORNBLAU GRANTOR TRUST, a general partner; and JOEL B. KORNBLAU GRANTOR TURST, a general partner, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | UNPUBLISHED<br><br>FILED: <u>December 18, 2017</u> |
| Respondents. | ) ) ) | |

Cox, J. — Howard Seelig appeals the trial court's order granting summary judgment to 308 Fourth Avenue South Joint Venture ("Joint Venture") and dismissing his complaint with prejudice. There are no genuine issues of material fact regarding Seelig's claim for a bonus of 6 percent of the sales price of the property at issue. Joint Venture is entitled to judgment as a matter of law on this claim. As for his separate claim for additional compensation for management services, we vacate the summary judgment order to that extent only. We affirm in part, vacate in part, and remand with instructions.

Seelig and several others, including Henry Goldschmidt, formed Joint Venture in 1970 to purchase, rehabilitate, and operate a large apartment project in Seattle, the Downtowner Apartments. Pursuant to the Joint Venture Partnership Agreement (the "Agreement"), Seelig and his brother, Martin Seelig, were to manage the Downtowner.

The Downtowner was a low income apartment building operated pursuant to Federal Housing Authority regulations. In the Declaration of Howard L. Seelig, dated February 17, 2015, he describes the nature of services for which he seeks additional compensation. It is undisputed that he received some compensation for management services during his tenure with the property.

In 2004, Seelig conveyed his ownership interest in Joint Venture to others, but continued as its manager. He managed the Downtowner until September 2011. Joint Venture sold the Downtowner in 2012.

Seelig sued for breach of contract. The complaint only states a claim for additional compensation for unpaid management services for the Downtowner.

Joint Venture moved for summary judgment.[1] The trial court granted the motion and dismissed Seelig's complaint with prejudice.

Seelig appeals.

## BONUS FOR SALE OF DOWNTOWNER

Seelig argues that the trial court erred in granting summary judgment because there are genuine issues of material fact whether he was entitled to a bonus when Joint Venture sold the Downtowner. We disagree.

"[S]ummary judgment is appropriate where there is 'no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'"[2] Although the evidence is viewed in the light most favorable to the nonmoving party, if that party is the plaintiff and it fails to make a factual showing sufficient to establish an element essential to its case, summary judgment is warranted.[3]

Once the moving party shows there are no genuine issues of material fact, the nonmoving party must bring forth specific facts to rebut the moving party's contentions.[4] The nonmoving party must put forth admissible evidence showing

---

[1] See RCW 18.85.331.

[2] Elcon Constr., Inc. v. E. Washington Univ., 174 Wn.2d 157, 164, 273 P.3d 965 (2012) (quoting CR 56(c)).

[3] Young v. Key Pharmaceuticals, Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989), overruled on other grounds by 130 Wn.2d 160 (1996).

[4] Elcon Constr., Inc., 174 Wn.2d at 169.

3

the existence of a triable issue.[5] It cannot rely on the allegations contained in its pleadings, conclusory statements, or speculation.[6] If the "nonmoving party fails to controvert relevant facts supporting a summary judgment motion, those facts are considered to have been established."[7] Finally, "[o]n review of an order granting or denying a motion for summary judgment the appellate court will consider only evidence and issues called to the attention of the trial court."[8]

This court reviews de novo a trial court's summary judgment order.[9]

In his complaint, Seelig only sought "compensation for his *services rendered as a manager*."[10] Nonetheless, the record shows that both parties' summary judgment papers addressed this unpled claim that he was entitled to a bonus upon sale of the Downtowner. Joint Venture argued that any such claim was barred by both the Brokers Act—RCW 18.85.331—and by the statute of frauds.

In Seelig's declaration, he stated the factual basis for his claim to a bonus upon sale of the real property. He claimed to have reached an agreement with Lawrence Goldschmidt, "who inherited a share of [Joint Venture] from his

---

[5] Seven Gables Corp. v. MGM/UA Entm't Co., 106 Wn.2d 1, 13, 721 P.2d 1 (1986).

[6] Elcon Constr., Inc., 174 Wn.2d at 169; Young, 112 Wn.2d at 225.

[7] Cent. Washington Bank v. Mendelson-Zeller, Inc., 113 Wn.2d 346, 354, 779 P.2d 697 (1989).

[8] RAP 9.12.

[9] Elcon Constr., Inc., 174 Wn.2d at 164.

[10] Clerk's Papers at 18 (emphasis added).

father."[11] The alleged deal was one "whereby I would receive a bonus if the Downtowner was sold for a sum greater than $11.5 million."[12] He further stated that "[i]n 2010, I negotiated a deal with Goodman Real Estate to purchase the Downtowner for $16 million . . . but [the deal] fell through."[13]

Seelig claims that the bonus is compensation for his "efforts in facilitating a sale transaction of the Downtowner Apartments."[14] To be successful in this claim, Seelig must overcome the statute of frauds. But he cannot do so.

The statute of frauds requires that any agreement, contract, or promise "authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission" is void unless it "or some note or memorandum thereof, be in writing, and signed by the party to be charged therewith" or another lawfully authorized person.[15] There is no such writing in this record. Thus, his claim fails.

Seelig argues that the statute of frauds must be strictly interpreted and relies on <u>Sherwood B. Korssjoen, Inc. v. Heiman</u> as support for his contention that the statute of frauds does not apply in his case.[16] He is correct in arguing

---

[11] <u>Id.</u> at 63.

[12] <u>Id.</u>

[13] <u>Id.</u>

[14] <u>Id.</u> at 156.

[15] RCW 19.36.010.

[16] 52 Wn. App. 843, 852, 765 P.2d 301 (1988).

that the statute must be strictly interpreted, but his reliance on this case is otherwise misplaced.

In Korssjoen, the relevant agreement authorized "an agent to procure a lessee for a commission."[17] The statute of frauds was inapplicable because the oral agreement concerned the sale or purchase of a lease.[18] This court cited binding supreme court precedent that a lease was not considered real property.

Here, Seelig essentially argues that an alleged oral agreement to facilitate a sale of the Downtowner, which is real property, entitles him to a commission. Korssjoen simply does not support this argument.

Seelig also argues that the statute of frauds does not apply because he was not acting as an agent, and the Agreement did not authorize or employ him to sell the Downtowner. Seelig misstates the effect of the lack of written authorization in the Agreement. It is because neither the Agreement nor any other writing signed by Joint Venture authorizes him to sell or assist in selling the Downtowner and agrees to a bonus for doing so that bars Seelig's claim under the statute.

Seelig argues that because Joint Venture never denied agreeing to pay the bonus, enforcement of that promise was not dependent on a written agreement. This argument is totally without merit.

---

[17] Id.

[18] Id.

Seelig relies on a letter from his attorney to Goldschmidt requesting written confirmation of Goldschmidt's alleged oral agreement that Joint Venture would pay Seelig the bonus when the Downtowner sold. But neither Goldschmidt nor any other representative of Joint Venture responded to the letter from Seelig's attorney. In the absence of any written response from an authorized representative of Joint Venture, "the party to be charged," the letter from Seelig's attorney is only evidence of an alleged oral agreement.[19] It is not enough to satisfy the statute of frauds.[20]

In his briefing, Seelig states that he "believes" Joint Venture is concealing a written document that would be material to this case. Because Seelig failed to move for a CR 56(f) continuance of the hearing on summary judgment, we do not reach this issue.[21]

There are no genuine issues of material fact for this claim. Joint Venture is entitled to judgment as a matter of law on Seelig's claim for a bonus from the sale of the Downtowner.

## MANAGEMENT SERVICES

Seelig also argues that the trial court erred in granting summary judgment on his claim for additional compensation for management services. For the

---

[19] RCW 19.36.010.

[20] Id.

[21] RAP 9.12; Silverhawk, LLC v. KeyBank Nat. Ass'n, 165 Wn. App. 258, 265-66, 268 P.3d 958 (2011).

reasons that follow, we vacate the summary judgment order only to the extent of this claim and remand with instructions.

At oral argument, this court sua sponte raised the issue of whether Joint Venture had properly quoted a statute central to its argument on this claim. Specifically, Joint Venture incorrectly quoted RCW 18.85.331, both here and below.

Joint Venture responded at oral argument to this court's questions about the misquotation and supplemented its oral response with Respondent's Errata/Clarification dated November 1, 2017. Thereafter, Seelig and his wife objected to this written response and moved to strike it. We deny the motion to strike.

We need not decide whether, as Joint Venture argues in its most recent written submission, the misquotation here and below is immaterial for purposes of appeal. There is no reason to conclude that the misquotation below and to this court was anything more than an oversight.

But we conclude the best course of action is to require that Joint Venture present to the trial court a renewed motion for summary judgment on this management services claim, on a proper record. Accordingly, we vacate only that portion of the summary judgment order on this claim and remand for such further proceedings as are proper. We express no opinion on the merits of this claim.

We note that Seelig argued for the first time on appeal that there is a genuine issue of material fact whether he was entitled to the exemption from the

requirement to have a license provided in RCW 18.85.151(13). At oral argument of this case, counsel properly conceded that this argument was not made below. We express no opinion on that unpreserved claim.

## BAD FAITH TERMINATION

Seelig also argues that there are genuine issues of material fact whether Joint Venture terminated him in bad faith. We disagree.

Seelig did not claim bad faith termination in his complaint for breach of contract. Nevertheless, in moving for summary judgment, Joint Venture argued that Seelig failed to state a cognizable claim for bad faith termination. Seelig responded by declaring that "I believe Lawrence Goldschmidt wrongfully removed me as sole manager of the joint venture on September 26, 2011, and appointed himself as sole manager of the joint venture to avoid paying me money owed to me, including the bonus we had agreed to."[22] Seelig's "belief" without more evidence to support a bad faith claim is insufficient to avoid summary judgment.[23]

We note that the Agreement provides that a majority of the Joint Venture partners may remove a manager at any time. Seelig failed to introduce any evidence that his removal was motivated by bad faith. Thus, Seelig has failed to raise a genuine issue of material fact as to whether his termination was in bad faith.

---

[22] Clerk's Papers at 63-64.

[23] Elcon Constr., Inc., 174 Wn.2d at 169.

## ATTORNEY FEES

Joint Venture requests an award of attorney fees and costs pursuant to RAP 18.9(a), claiming that Seelig's appeal is frivolous. We disagree.

RAP 18.9(a) permits the court to require a party to pay the fees and costs of another party for defending a frivolous appeal.[24] "An appeal is frivolous if it raises no debatable issues on which reasonable minds might differ and it is so totally devoid of merit that no reasonable possibility of reversal exists."[25] Doubts about whether the appeal is frivolous are resolved in favor of the appellant.[26]

Joint Venture argues that all of Seelig's arguments are "belied by the plain language of a state statute and uniform case law."[27] It claims that Seelig has presented no debatable issues or close questions.

While Seelig's arguments are unpersuasive to the extent we affirm on appeal, an appeal is not frivolous merely because it is unsuccessful.[28] And the claim for management services is, as yet, unresolved.

For these reasons, we deny the request for fees as sanctions.

We affirm the trial court's order granting summary judgment to the extent of the claim for a bonus. We vacate that order only to the extent of the claim for

---

[24] Kinney v. Cook, 150 Wn. App. 187, 195, 208 P.3d 1 (2009).

[25] Hernandez v. Stender, 182 Wn. App. 52, 61, 358 P.3d 1169 (2014) (quoting Protect the Peninsula's Future v. City of Port Angeles, 175 Wn. App. 201, 220, 304 P.3d 914 (2013)).

[26] Protect the Peninsula's Future, 175 Wn. App. at 220.

[27] Respondent's Brief at 30.

[28] Protect the Peninsula's Future, 175 Wn. App. at 220.

additional compensation for management services and remand with directions for such further proceedings as are proper. We deny Joint Venture's request for RAP 18.9(a) sanctions and Seelig's motion to strike Respondent's Errata/Clarification dated November 1, 2017.

Cox, J.

WE CONCUR:

Leach, J.

Becker, J.