# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| KING COUNTY CITIZENS AGAINST FLUORIDATION, a nonprofit corporation, | No.  50022-1-II |
| Appellants, | |
| v. | |
| WASHINGTON STATE PHARMACY QUALITY ASSURANCE COMMISSION, an administrative agency, | UNPUBLISHED OPINION |
| Respondent. | |

SUTTON, J. — King County Citizens Against Fluoridation (Citizens) appeals the Washington State Pharmacy Quality Assurance Commission's (Commission) decision denying Citizens' petition for rulemaking regarding the Commission's jurisdiction over fluoridating additives and fluoridated water.  Citizens argues that the Commission's decision was arbitrary and capricious because the Commission misinterpreted prior case law and misapplied the plain language of the statutory definitions of the term "drug."  The Commission argues that its decision was not arbitrary or capricious because it relied on statements made in prior case law declaring that the fluorides in water are not drugs.  Because the Commission reasonably relied on prior case law, its decision was not arbitrary or capricious even if Citizens presents alternative interpretations of that case law.

We decline to consider any additional arguments that Citizens makes because Citizens' additional arguments address the merits of whether fluoridating additives or fluoridated water are

No. 50022-1-II

drugs and these arguments exceed the scope of our review of the Commission's decision. Accordingly, we affirm the Commission's decision denying Citizens' petition for rulemaking.

FACTS

Citizens filed a petition for adoption of a new rule with the Commission. The purpose of the proposed new rule was to clarify the extent of the Commission's jurisdiction over fluoride and fluoridation products added to bottled and municipal drinking water. Specifically, the petition asked that the Commission adopt a rule stating that "fluoridation chemical additives" and "fluoridated drinking waters" were considered "drugs" as defined under former RCW 18.64.011(12) (2015), RCW 69.04.009, and former RCW 69.41.010(9) (2013). Administrative Record (AR) at 21. The proposed new rule stated,

> (1) Fluoridation chemical additives (whether or not certified under NSF/ANSI Standard 60) and fluoridated drinking waters (bottled and/or from public water systems, that are fluoridated with such additives) are drugs pursuant to RCW 18.64.011(12), 69.04.009, and 69.41.010(9) when the intended use is to aid in the prevention, mitigation, and/or prophylactic treatment of dental caries disease (tooth decay, cavities).
>
> (2) Fluoridation chemical additives include:
>    (a) Fluorosilicic Acid (aka Fluosilicic Acid or Hydrofluosilicic Acid).
>    (b) Sodium Fluorosilicate (aka Sodium Silicofluoride).
>    (c) Sodium Fluoride.
>    (d) Calcium Fluoride.
>
> (3) It is presumed that the intended use of such additives and such fluoridated drinking waters is to aid in the prevention, mitigation, and/or prophylactic treatment of dental caries disease (tooth decay, cavities).
>
> (d) (sic) The pharmacy quality assurance commission has jurisdiction to ensure that distribution, wholesaling, and manufacturing of fluoridation chemical additive drugs and fluoridated water drugs in this state provide for the protection and promotion of the public health, safety, and welfare.

AR at 21-22.

2

No. 50022-1-II

The Commission denied Citizens' petition for rulemaking. In its decision, the Commission stated,

> The Commission denies your petition for rulemaking because fluoridating substances used in drinking water, including bottled water, are not drugs. *Protect the Peninsula's Future v. City of Port Angeles*, 175 Wn. App. 201, 304 P.3d 914 (2013), *rev. denied*, 178 Wn.2d 1022, 312 P.3d 651 (2013). *See also*, RCW 18.64.011(12), 69.04.008, 69.04.009, and 69.41.010(9).

AR at 148.

Citizens filed a petition for review in superior court. The superior court denied Citizens' petition and affirmed the Commission's decision denying Citizens' petition for rulemaking. Citizens appeals.

ANALYSIS

For the purposes of Citizens' appeal, it is important to define the scope of the agency action before us. The only agency action before us for review is the Commission's denial of Citizens' petition for rulemaking. As explained below, the only ground on which we may reverse the Commission's decision to forgo rulemaking is if the agency's action is arbitrary or capricious.[1] However, as Citizens repeatedly points out, the remedy it actually seeks is a holding from us that fluoridating additives and fluoridated drinking water are drugs under the relevant statutory definitions. Citizens erroneously treats its appeal as though we are reviewing the merits of the

---

[1] Citizens also argues that the Commission's decision was "contrary to law." Br. of Appellant at 16. However, there is no "contrary to law" standard for reviewing an agency's decision denying a petition for rulemaking. Rather, the closest standard of review is when an agency acts outside of its statutory authority. RCW 34.05.570(4)(b)(ii). Here, it is undisputed that the Commission's decision denying Citizens' petition for rulemaking was within the statutory authority of the Commission. Accordingly, the only ground for reversing the Commission's decision to deny the petition for rulemaking is that the decision is arbitrary or capricious.

3

Commission's finding that fluoridating additives and fluoridated water are not drugs. However, the Commission has not made any such findings—the Commission simply denied Citizens' petition for rulemaking.

Therefore, we limit our review to whether the Commission's decision to deny the petition for rulemaking was arbitrary or capricious. And we hold that the Commission's decision was not arbitrary or capricious. Accordingly, we affirm the Commission's decision.

## I. STANDARD OF REVIEW FOR AGENCY RULEMAKING

An agency's decision to deny a rulemaking petition is subject to judicial review under RCW 34.05.570(4) of the Administrative Procedures Act (APA), chapter 34.05 RCW. *Squaxin Is. Tribe v. Dep't. of Ecology*, 177 Wn. App. 734, 740, 312 P.3d 766 (2013). RCW 34.05.570(4) provides that this court will reverse a decision denying a petition for rulemaking only if we determine that the decision is: (1) unconstitutional, (2) outside the statutory authority of the agency or the authority conferred by a provision of law, (3) arbitrary or capricious, or (4) taken by persons who were not properly constituted as agency officials lawfully entitled to take such action.

"Arbitrary or capricious agency action is willful and unreasoning action taken without regard to the attending facts or circumstances." *Squaxin Is. Tribe*, 177 Wn. App. at 742. An agency has wide discretion in deciding to forgo rulemaking. *Squaxin Is. Tribe*, 177 Wn. App. at 742. We review the agency record to determine only whether the agency reached its decision "'through a process of reason, *not whether the result was itself reasonable in the judgment of the court*.'" *Squaxin Is. Tribe*, 177 Wn. App. at 742 (internal quotation marks omitted) (quoting *Rios v. Dep't of Labor & Indus.*, 145 Wn.2d 483, 501, 39 P.3d 961 (2002). An agency action is not

4

arbitrary or capricious simply because of contradictory evidence or the possibility of deriving conflicting conclusions from the evidence. *Squaxin Is. Tribe*, 177 Wn. App. at 742.

## II. ARBITRARY OR CAPRICIOUS AGENCY ACTION

Citizens asserts that "[b]y willfully and unreasonably[] failing to consider the phrase in the Petition for Rulemaking, 'when the intended use is to aid in the prevention, mitigation and/or prophylactic treatment of dental caries disease (tooth decay, cavities),' the Commission acted in an arbitrary or capricious manner." Br. of Appellant at 16-17. Citizens makes no other argument to support the contention that the Commission's decision was arbitrary or capricious. The Commission argues that its decision was not arbitrary or capricious because it considered and relied on existing precedent from the courts to support its decision not to engage in rulemaking. Because the Commission relied on a reasonable interpretation of prior case law in reaching its decision not to engage in rulemaking, the Commission's decision was not arbitrary or capricious. Accordingly, we affirm the Commission's decision to deny Citizens' petition for rulemaking.

The Commission cited *Protect the Peninsula's Future* as the basis for its decision to deny Citizen's petition for rulemaking. In *Protect the Peninsula's Future*, we recognized that an earlier case from our Supreme Court decided "that fluorides in drinking water are not drugs under Washington Law." 175 Wn. App. at 216. Because this statement in *Protect the Peninsula's Future* supports the Commission's decision to deny Citizen's petition for rulemaking, the Commission's decision is not arbitrary or capricious.

Citizens has presented extensive argument as to how *Protect the Peninsula's Future* and the Supreme Court case it relies on, *Kaul v. City of Chehalis*, 45 Wn.2d 616, 277 P.2d 352 (1954), could be read to leave open the issue of whether fluoridating additives and fluoridated water are drugs under the specific statutory definitions Citizens cites. However, the existence of a contrary interpretation of the case law does not render the Commission's decision arbitrary or capricious so long as the Commission reached its decision through some process of reason. As explained above, the Commission engaged in a process of reason by reviewing the applicable case law and by relying on the plain language of the case law to support its decision. Accordingly, the existence of Citizens' contrary interpretation of the case law does not render the Commission's decision arbitrary or capricious.

Here, the Commission based its decision on existing case law that expressly stated fluorides in water are not drugs. The existing case law was a reasoned basis for the Commission's decision regardless of whether Citizens can present an alternative interpretation of the case law. Because the Commission had a reasoned basis for its decision to deny Citizens' petition for rulemaking, the Commission's decision was not arbitrary or capricious. Accordingly, we affirm the Commission's decision denying Citizens' petition for rulemaking.

6

### III. CITIZENS' REMAINING ARGUMENTS

Citizens dedicates the majority of its briefing to two arguments that will not be addressed by this court.[2] First, Citizens reviews the prior case law stating that fluorides in water are not drugs in an attempt to demonstrate that there is no precedent conclusively determining that fluoridating additives and fluoridated water are not drugs. Second, Citizens argues that under the plain language of the statutory definitions of the term "drugs" it cites, that we should hold that fluoridating additives and fluoridated water are drugs in certain circumstances. Neither of these arguments are within the scope of our review of the Commission's action and we decline to address them.

#### A. PRIOR CASE LAW

Citizens extensively argues that the prior case law addressing whether fluorides in water are drugs has been misinterpreted and improperly relied upon. As a result, Citizens asks us to "overrule, clarify, or distinguish the *Protect the Peninsula's Future* Court's discussion that *Kaul* is 'binding precedent' 'that fluorides in drinking water are not drugs under Washington law.'" Br. of Appellant at 50.

However, because our review is limited to whether the Commission's decision to deny Citizens' petition for rulemaking was arbitrary or capricious, the question before us is not to conclusively determine the meaning of prior case law. *See* RCW 34.05.570(4); *Squaxin Is. Tribe*,

---

[2] Citizens also argues that the superior court erred by striking certain paragraphs of its petition for judicial review, specifically subsection K, section V related to the prerequisites for judicial review. However, we review the agency action sitting in the same position as the superior court. *Squaxin Is. Tribe*, 177 Wn. App. at 740. Accordingly, we are not reviewing the superior court's decision and we decline to address Citizens' argument that the superior court abused its discretion by striking the paragraphs from Citizens' petition.

177 Wn. App. at 740. Rather, as explained above, our review is whether the Commission engaged in a reasoned process when it relied on this prior case law to reach its decision on Citizens' petition for rulemaking. Because it is unnecessary for us to review the entire precedential body of case law addressing fluorides in water to determine whether the Commission's decision was arbitrary or capricious, we decline to address Citizens' arguments regarding prior case law.

B. STATUTORY LANGUAGE

Citizens also asks us to interpret and apply the plain language of the statutory definitions of "drug" and "rule that fluoridated waters (bottled and public) and their fluoridating additives are drugs in intrastate commerce when intended for use in the mitigation, treatment and/or prevention of tooth decay disease." Br. of Appellant at 50. But this request also exceeds the scope of this court's limited review.

Here, the Commission only declined to engage in rulemaking on the issue. Even if we were to determine that the Commission's decision to deny Citizens' petition for rulemaking was arbitrary or capricious, which it was not, the appropriate remedy would be to reverse the Commission's decision and remand to the Commission to make an appropriate rulemaking decision.

To comply with Citizens' request would require us to engage in the rulemaking process on behalf of the Commission, which exceeds not only the scope of our review, but also the scope of our authority. Accordingly, we do not consider the merits of whether fluoridating additives or fluoridated water are drugs under the statutory definition because that question is not properly presented to us for review.

No. 50022-1-II

We affirm the Commission's decision denying Citizens' petition for rulemaking.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040,

it is so ordered.

Sutton, J.

We concur:

Bjorgen, C.J.

Johanson, J.